UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20245-CR-Huck/Garber

UNITED STATES OF AMERICA,

v.

VERNON HENRY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Paul C. Huck and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference the Court has conducted a change of plea hearing on May 10, 2010 which was attended by the defendant Vernon Henry, his attorney Larry Robert Handfield, Esquire, and Assistant United States Attorney Cristina V. Maxwell. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings and

rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge as set forth below.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibilities as to the charges set forth in Counts 1, 2, 3, 4, 5, and 6 of the Information to which he was tendering guilty pleas, as well as the possible fines and terms of supervised release. The Court also advised the defendant of the mandatory special assessment of $100.00 per count for a total of $600.00 which must be paid at the time of sentencing. The defendant was advised that the charges to which he was pleading guilty carried the following sentences: as to Counts 1, 2, 3, and 6 a maximum term of imprisonment of up to Twenty (20) years; as to Count 4, a maximum term of imprisonment of up to forty (40) years, each of said sentences to be followed by a term of supervised release of not more than five (5) years. As to Count 5, the Court must impose a minimum term of imprisonment of ten (10) years and a maximum of life imprisonment, followed by a term of supervised release of not more than five (5) years. The sentence of imprisonment imposed as to Count 5 must be consecutive to any other tem of imprisonment imposed as to the other counts in the Information.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. The defendant pled guilty to the charges set forth in the Information charging as follows:

**Count 1:** That on or about July 26, 2007 and continuing through August 7, 2007 in the Southern District of Florida, he did knowingly and willfully conspire, confederate, and agree with others to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery . . . in that the defendant did plan to take United States currency and narcotics from individuals known and unknown to the United states Attorney by means of actual and threatened force, violence, and fear of injury to said persons, in violation of 18 U.S.C. §1951(a);

**Count 2:** That on the aforesaid date, the defendant, in the furtherance of the above-described conspiracy, did use and carry a firearm in furtherance of a crime of violence, which is a felony and is a violation of 18 U.S.C. §924(o) and 2;

**Count 3:** That on July 26, 2007 in the Southern District of Florida in Miami-Dade County, the defendant did knowingly and unlawfully attempt to obstruct, delay and affect commerce and the movement of articles as set forth in County 1 above and did plan to take cocaine and United States currency from individuals he believed to be engaged in narcotics trafficking by means of actual and threatened force, violence, and fear of injury to said persons, alleged as a violation of 18 U.S.C. § 1951(a) and 2.

**Count 4:** On or about July 26, 2007 in Miami-Dade County in the Southern District of Florida, the defendant knowingly and intentionally attempted to possess with intent to distribute a

controlled substance (cocaine) in violation of 21 U.S.C. §841(a)(1), 21 U.S.C. §846, and 21 U.S.C. §841(b)(1)(C).

**Count 5:** On or about July 26, 2007 in Miami-Dade County in the Southern District of Florida, the defendant did knowingly use, carry and discharge a firearm during and in relation to a crime of violence and a drug trafficking crime, and did possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §1951(a) as set forth in Count 3, in violation of 18 U.S.C. §924(c)(1)(A)(I) and 924(c)(1)(A)(iii), and 2.

**Count 6:** On or about August 7, 2007 in Miami-Dade County in the Southern District of Florida and elsewhere, the defendant did knowingly obstruct, delay and effect commerce and the movement of articles and commodities in commerce, by robbery, by taking United States currency from individuals at the Hello Cellular Store located at 1834 N.E. Miami Gardens Drive, Miami-Dade County, Florid, by means of actual and threatened force, violence, and fear of injury to said persons, in violation of 18 U.S.C § 1951(a) and 2.

7. The government filed a factual basis, made part of the record and executed by the government, the defendant and his counsel, for the guilty pleas which consisted of all of the essential elements of the offenses to which the defendant is pleading guilty.

8. The defendant was referred to the United States Probation Office for the preparation of a Pre-sentence Report. The defendant was remanded to the custody of the United States Marshal for confinement pending imposition of sentence.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty pleas as to the charges set forth in the Indictment, that his guilty pleas be accepted and that he be adjudicated guilty of such offenses.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Paul C. Huck. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 10th day of May, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE